Case 2:21-cv-00068   Document 27   Filed on 01/26/22 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
January 26, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICKEY WAYNE BOSWELL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00068 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Mickey Wayne Boswell is an inmate in the Texas Department of Criminal Justice and is currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding *pro se*, Boswell filed an original habeas corpus petition pursuant to 28 U.S.C. § 2254 on April 1, 2021.[1] (D.E. 1). Boswell raises four grounds for relief. Respondent filed a motion for summary judgment contending that two of Bowell's claims are not cognizable on federal habeas review and that his petition is untimely, to which Boswell has responded. (D.E. 14, 25). As discussed more fully below, it is respectfully recommended that Respondent's motion for summary judgment (D.E. 14) be granted and Boswell's habeas corpus petition be dismissed with prejudice because his claims are either not cognizable or untimely. It is further recommended that a Certificate of Appealability ("COA") be denied.

---

[1] Although Boswell did not certify when he placed his petition in the prison mailing system, the Court will use the date it was post-marked and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998), and Rule 3, Rules Governing Section 2254 Cases (discussing the mailbox rule).

## I. JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331 and venue is appropriate because Boswell was convicted in Nueces County, Texas. 28 U.S.C. § 2254(a); 28 U.S.C. § 124(b)(6); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II. BACKGROUND

### a. Petition and Claims

In his § 2254 petition, Boswell raises four grounds for relief: (1) he was denied due process because he did not receive a hearing during the state habeas proceeding; (2) he was denied his right to a fair trial because a juror owned property where he resided and his counsel did not object to the juror; (3) the judgment of conviction is void because he was convicted in violation of the *ex post facto* clause; and (4) the state habeas court relied on a perjurious affidavit. (D.E. 1 at 6-7).

### b. State Court Records

In December 2010, Boswell was charged in an indictment with one count of Failure to Register as a Sex Offender, in violation of the Texas Code of Criminal Procedure, Article 62.102(b)(3). (D.E. 16-14 at 84-85). A jury found Boswell guilty, and he received a sentence of 20 years' imprisonment, to run concurrent with two other cases. (*Id.* at 86-87).

On September 24, 2015, the Thirteenth District Court of Appeals of Texas affirmed Boswell's conviction and sentence on direct appeal. *Boswell v. State*, 13-11-00785-CR, 2015 WL 5655823 (Tex. App.—Corpus Christi Sept. 24, 2015, pet. ref'd). The Texas Court of Criminal Appeals subsequently refused his petition for discretionary review on March 23, 2016. *Boswell v. State*, No. PD–1555–15 (Tex. Crim. App. 2016).

In February 2018, Boswell filed an application for a writ of habeas corpus in state court pursuant to Article 11.07 of the Texas Code of Criminal Procedure. (D.E. 16-12 at 4-44). The Texas Court of Criminal Appeals ("TCCA") denied the application without written order. (D.E. 16-9). Boswell then filed two more applications for state writ of habeas corpus challenging this conviction. (D.E. 16-22 at 13-31; D.E. 16-33 at 13-28). The TCCA dismissed both as subsequent on October 23, 2019, and March 3, 2021, respectively. (D.E. 16-20, 16-30).

### III. DISCUSSION

*a. Timeliness*

In his motion for summary judgment, Respondent argues that two of Boswell's claims are untimely, specifically: (1) whether he was denied his right to a fair trial because a juror owned property where he resided and his counsel did not object to the juror; and (2) whether the judgment of conviction is void because he was convicted in violation of the ex post facto clause. (D.E. 14 at 4-8). Respondent contends that Boswell's conviction became final on June 21, 2016, when the time to file a petition for writ of *certiorari* expired, and that his § 2254 petition was accordingly due by June 21, 2017. (*Id.* at 6). Respondent argues that Boswell is not entitled to any statutory tolling because he did not file his first state habeas application until February 2018, which was after the limitations period expired. (*Id.*). Finally, Respondent argues that Boswell has not alleged or shown that he is entitled to equitable tolling. (*Id.* at 7-8).

In his response, Boswell does not address Respondent's argument that his petition is untimely. (*See generally* D.E. 25). However, he summarily cites *Jimenez v.*

3

*Quarterman*, 555 U.S. 113, 686-87 (2009), which applies when a state court grants a criminal defendant the right to file an out-of-time direct appeal that extends the expiration date for seeking direct review. (D.E. 25 at 1). However, this holding is inapplicable to Boswell's claim and the Respondent's timeliness argument. Boswell otherwise reiterates the arguments he has already put forth in this case without addressing the timeliness of his federal habeas petition. (*Id.*).

A one-year limitation period applies to an application for a writ of habeas corpus filed by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of either: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States was removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court; or (4) the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. *Id.* § 2244(d)(1).

For § 2244 purposes, where a petitioner has sought review by the state's highest court, a conviction becomes final 90 days after his claim is rejected, when the time to file a petition for a writ of *certiorari* with the Supreme Court has expired. *Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003). In Texas, the Court of Criminal Appeals may review the decisions of a court of appeals. Tex. Code of Crim. Proc. art. 44.45(b)(2). A petition for discretionary review to the Texas Court of Criminal Appeals must be filed within 30

days after either the day the court of appeals rendered judgment or the day the last timely motion for rehearing or *en banc* reconsideration was overruled. Tex. R. App. Proc. 68.2(a).

The time during which a properly filed state collateral review application is pending is not counted toward the limitation period. 28 U.S.C. § 2244(d)(2). A state habeas petition filed after the limitation period ends does not toll the limitation period under § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

The timeliness provision in § 2244(d) is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 634 (2010). A petitioner is entitled to equitable tolling only if he can show that: (1) he has been diligently pursuing his rights; and (2) some extraordinary circumstance stood in his way. *Id.* at 649. Such a circumstance exists where, for example, the plaintiff was misled by the defendant about the cause of action or was otherwise prevented in some extraordinary way from asserting his rights. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002). A standard claim of excusable neglect is insufficient. *Id.* Ignorance of the law generally does not excuse prompt filing, even for a *pro se* prisoner. *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). The failure to satisfy the limitation period must result from "external factors" beyond the petitioner's control, and delays caused by the petitioner do not qualify. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

Here, Boswell's § 2254 petition is untimely, and he has not established that he is entitled to statutory or equitable tolling. Following the denial of his petition for discretionary review on March 23, 2016, Boswell's conviction became final on June 21, 2016, when his time to file a petition for a writ of *certiorari* expired. *Roberts*, 319 F.3d at 693-95. Accordingly, the one-year deadline to file a § 2254 petition expired one year later

on June 21, 2017.  28 U.S.C. § 2244(d)(1).  Boswell did not file his petition until April 1, 2021.  (D.E. 1 at 21).  Thus, absent any tolling, Boswell's petition was late by over 45 months.

Boswell has not established that he is entitled to statutory or equitable tolling.  As to statutory tolling, Boswell's first state habeas application challenging this conviction was filed in February 2018, which was also after the limitations period expired.  (D.E. 16-12 at 26).  Accordingly, that state petition did not toll the limitations period, nor did his two subsequent state applications.  *Scott*, 227 F.3d at 263.

As to equitable tolling, Boswell has not shown any extraordinary circumstance that prevented him from filing his § 2254 petition earlier.  *Holland*, 560 U.S. at 649.  Ignorance of the law does not generally excuse prompt filing, even for a *pro se* prisoner.  *Felder*, 204 F.3d at 172.  In his response, Boswell cites *Trevino v. Thaler*, 569 U.S. 413 (2013), and *Martinez v. Ryan*, 566 U.S. 1 (2012), presumably for the proposition that where an initial petition for collateral review was filed without the assistance of a lawyer, the court should not be barred from hearing the merits of untimely claims.  (D.E. 25 at 1).  However, both of those cases discussed claims that had been procedurally defaulted rather than claims that were untimely, and accordingly applied the applicable cause-and-prejudice standard rather than the standard for equitable tolling.  *See Trevino*, 569 U.S. at 429; *Martinez*, 566 U.S. at 13-14.  Although both standards are equitable in nature, the showing required to establish cause for a procedural default is not the same as the showing required to establish entitlement to equitable tolling.  *See Martinez*, 566 U.S. at 13-14 (discussing the cause-and-prejudice standard).  Thus, the rulings in both cases are not directly applicable to an

equitable tolling analysis, nor did they overrule the Fifth Circuit's prior precedents regarding when equitable tolling is appropriate. Accordingly, Boswell's § 2254 petition is untimely, and he is not entitled to any form of tolling.

### b. Cognizability

Next, Respondent contends that Boswell's remaining claims regarding issues in his state habeas proceedings are not cognizable because they do not state a claim for federal habeas corpus relief. (D.E. 14 at 8).

Boswell does not directly respond to this argument, but instead reiterates his initial grounds for relief throughout his response. (D.E. 25).

Here, Boswell's claims regarding the state court's alleged due process violation and reliance on a false affidavit are not cognizable on federal habeas review because those claims challenge only an infirmity in the state habeas proceedings. "Infirmities in state habeas corpus proceedings do not constitute grounds for federal habeas relief." *Vail v. Procunier*, 747 F.2d 277, 277 (5th Cir. 1984). This is because an attack on a state collateral proceeding is not an attack on the detention itself. *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004). A challenge to the state collateral proceedings falls outside of any claim that Boswell "is in custody in violation of the Constitution or laws or treaties of the United States," and this Court lacks jurisdiction to hear these claims. *See id.*

### IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Boswell has not yet filed a notice of appeal, the issue

of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where a district court rejects the claims on procedural grounds, a petitioner must show that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right; and (2) the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not find it debatable that Boswell's claims are time-barred and/or not cognizable. Therefore, it is further recommended that any request for a COA be denied because he has not made the necessary showing for such issuance.

## V. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment (D.E. 14) be GRANTED. Boswell's § 2254 petition should be DISMISSED with prejudice. In addition, it is further recommended that any request for a Certificate of Appealability be DENIED.

Respectfully submitted on January 26, 2022.

_____
Julie K. Hampton
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).